UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MC-61509-ALTONAGA/STRAUSS

VINCENZO OPPEDISANO,

    Petitioner,

v.

CHARLES A. NICHOLS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION ON MOTION FOR CONTEMPT AND SANCTIONS

**THIS CAUSE** comes before the Court on Vincenzo Oppedisano's October 3, 2022 Motion for Civil Contempt and for Sanctions ("Motion for Contempt"). [DE 14]. The District Court has referred the Motion for Contempt to me for a report and recommendation. [DE 15]. I have considered the Motion for Contempt, Nichols' ("Respondent's") response [DE 17], Oppedisano's ("Petitioner's") reply [DE 19], and the record, and am otherwise duly advised. As set forth below, I respectfully recommend that the Motion for Contempt [DE 14] be **GRANTED-IN-PART and DENIED-IN-PART**.

### FACTUAL BACKGROUND

I certify the following facts[1]: On May 10, 2022, Petitioner served a subpoena on Respondent, the accountant and tax preparer for Lynda Zur, the Defendant in an action pending in the United States District Court for the Southern District of New York. [DE 1 at 1]. Many of

---

[1] In civil cases where the parties have not consented to final judgment by a Magistrate Judge, upon commission of an act constituting contempt, "the magistrate judge shall forthwith certify the facts to a district judge" who may then decide whether the act warrants punishment. 18 U.S.C. § 636(e)(6).

1

the categories within the subpoena sought "[a]ll documents, including any notes, emails, letters, text messages, social media postings, tax returns, draft tax returns, or internal memoranda, in whatever form . . . they presently exist." [DE 1-1 at 8-10]. Respondent did not respond to the subpoena or Petitioner's request to meet and confer, and, on August 12, 2022, Petitioner filed a motion to compel Respondent's compliance with the subpoena. [DE 1]. In response to the motion to compel, Respondent contended that the only documents in his possession, custody, or control that were responsive to the subpoena were tax returns for 2019 and invoices for tax returns, and Respondent believed that those documents were already produced in the underlying litigation. [DE 9 at 1-2]. However, after receiving the motion to compel, Respondent produced the aforementioned tax return documents and contended that the motion to compel was moot. *Id*. at 3. In his reply in support of the motion to compel, Petitioner expressed skepticism that the documents Respondent produced were the only responsive documents in his possession, custody, or control, given the breadth of the subpoena and Respondent's involvement with Zur and some of the entities at issue in the underlying litigation. [DE 10 at 2]. Thus, Petitioner sought an order compelling Respondent to produce any remaining responsive documents he had not yet produced, requiring Respondent to certify that he completed a good faith search for responsive documents, and warning Respondent that failure to comply with any future court orders may subject him to a finding of contempt. [DE 10 at 4-5].

On September 8, 2022, I entered an order granting-in-part and denying-in-part Petitioner's motion to compel ("the Order"). [DE 11]. In the Order, I ordered Respondent to produce any remaining responsive documents in his possession, custody, or control and to certify,[2] consistent

---

[2] In the Order, I noted that either Respondent or his counsel could complete this certification. [DE 11 at 1].

with the certification required under Federal Rule of Civil Procedure 26(g)(1), that he completed a diligent and good-faith search for remaining and responsive documents by September 22, 2022. *Id.* at 4. Additionally, I warned Respondent that "he may be sanctioned and/or held in contempt of court if he fail[ed] to comply with th[e] Order." *Id.*

On September 22, 2022, the day of the deadline, Respondent filed an unopposed motion for extension of time, seeking more time to comply with the Order. [DE 12]. In that motion, Respondent's counsel averred that he was having difficulty contacting Respondent, who was on a pre-planned vacation in Yellowstone National Park, to finalize the certification. *Id.* at 1. Accordingly, Respondent's counsel requested an extension of the September 22 deadline to September 27, 2022, so that Respondent could comply with the Order. *Id.* I granted that motion and extended the deadline to September 27, 2022, as requested. [DE 13].

On October 3, 2022, Petitioner filed the instant Motion for Contempt. [DE 14]. In the Motion for Contempt, Petitioner averred that Respondent had not yet produced any remaining documents responsive to the subpoena or completed the court-ordered certification. *Id.* at 2. As such, Petitioner seeks an order (1) finding Respondent in civil contempt for failing to comply with the subpoena and the Order, (2) sanctioning Respondent in the amount of reasonable attorney's fees he expended in obtaining Respondent's compliance with the subpoena and Order, and (3) fining Respondent $100.00 per day until he purges the contempt. *Id.* at 4.

Respondent did not respond to the Motion for Contempt within fourteen days. *See* S.D. Fla. L.R. 7.1(c)(1). On October 18, 2022, I entered an order to show cause ordering Respondent to show cause by October 19, 2022, why he should not be held in contempt or otherwise sanctioned for failing to comply with the subpoena and the Order. [DE 16]. Respondent responded to both the Motion for Contempt and the order to show cause on October 19, 2022. [DE 17; DE 18]. In

response to the Motion for Contempt, Respondent stated that as of September 22, 2022, his counsel drafted and emailed Respondent a declaration for him to sign via DocuSign. [DE 17 at 2]. However, Respondent asserted that he was unable to access his email or phone while he was in Yellowstone National Park. *Id.* at 2. According to Respondent, it was not until October 18, 2022, that his counsel was able to contact him, and he was able to see the emails and calls he missed while on vacation. *Id.* at 2. Respondent completed the declaration[3] and returned it to his counsel on October 19, 2022. *Id.* Respondent and his counsel apologized for the delay in complying with the Order but asked that Respondent not be held in civil contempt or ordered to pay for Petitioner's attorney fees. *Id.* at 2. Respondent's response to the order to show cause mirrored (and referred to) his response to the Motion for Contempt. [DE 18]. In the response to the order to show cause, Respondent apologized for the delay in complying with the Order but stated that it was due to his being "completely unreachable" while he was in Yellowstone National Park. *Id.* at 1. Respondent acknowledged that his delay resulted in an inconvenience to petitioner's counsel but requested that he not be sanctioned or held in contempt as he has now filed the court-ordered certification. *Id.* at 2.

In his reply in support of the Motion for Contempt, Petitioner argues that Respondent's pre-planned vacation is not a valid reason to ignore court orders. [DE 19 at 1]. Petitioner argues that Respondent should have prepared his certification prior to leaving for his vacation. *Id.* at 2. Petitioner also avers that Respondent's declaration and his response to the Motion for Contempt and order to show cause raise a plethora of questions regarding the efforts he and his counsel took

---

[3] In the declaration, which was attached to the response to the Motion for Contempt, Respondent states that Zur did not send him any documents to prepare her 2019 tax returns, but that he traveled to her business multiple times and viewed the documents in person. [DE 17-1 at 1-2]. Respondent also states in the declaration that he did not prepare financial statements or balance sheets for Zur or any of the entities involved in the underlying litigation. *Id.* at 1.

4

to comply with the subpoena and this Court's orders. *Id.* at 3-4. Therefore, in addition to the relief sought in the Motion for Contempt, Petitioner requests an order compelling Respondent to sit for a deposition to answer questions regarding his efforts to comply with the subpoena and this Court's orders. Petitioner requests this deposition to develop the factual record so that he may potentially present further evidence to the Court in support of additional contempt sanctions. *Id.* at 5-7.

## ANALYSIS

Federal Rule of Civil Procedure 45(g) authorizes a court to "hold in contempt a person, who having being served, fails without adequate excuse to obey [a] subpoena or an order related to it." "Courts also have the inherent power to enforce compliance with their lawful orders through civil contempt." *Whatley v. World Fuel Servs. Corp.*, 20-20993-MC, 2020 WL 4818924, at *2 (S.D. Fla. Aug. 19, 2020) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). "Civil contempt therefore provides courts with a sanction to enforce compliance with [a subpoena or] order of the court or to compensate a complainant for losses or damages sustained by reason of noncompliance." *Whatley*, 20-20993-MC, 2020 WL 4818924, at *2; *see F.T.C. v. Leshin*, 719 F.3d 1227, 1231 (11th Cir. 2013) ("[S]anctions in civil contempt proceedings may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."). These civil contempt sanctions may include, among other things, a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration. *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991).

"On a contempt motion, the movant bears the initial burden of proving, by clear and convincing evidence, the defendant's noncompliance with a court order." *Thomas v. Blue Cross*

*Blue Shield Ass'n.*, 594 F.3d 814, 821 (11th Cir. 2010). "This requires proving that (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *S.E.C. v. Greenberg*, 105 F. Supp. 3d 1342, 1345 (S.D. Fla. 2015) (quoting *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007)). "To meet the initial burden for a finding of civil contempt, a moving party need only show that defendant failed to comply with the court's order." *Van De Velde NV v. Felder*, 15-24096-CIV, 2017 WL 8895345, at *2 (S.D. Fla. May 25, 2017) (citing *United States v. Rylander*, 460 U.S. 752, 755 (1983)), *report and recommendation adopted*, 15-24096-CIV, 2017 WL 8895340 (S.D. Fla. June 16, 2017). "Upon the plaintiff's satisfaction of the initial burden, the burden then shifts to the defendant to come forward with evidence showing in detail why a contempt finding should not be found." *Van De Velde NV*, 15-24096-CIV, 2017 WL 8895345, at *2.

"[T]o avoid contempt, a defendant must show that he or she either did not violate the court order as alleged or that she was 'excused' from complying with such order." *Id.* A defendant may only be excused from compliance upon a showing that "despite all reasonable efforts to comply with the court's order, compliance was impossible." *Brother v. BFP Invs., Ltd.*, No. 03-60129-CIV, 2010 WL 2978077, at *2 (S.D. Fla. June 1, 2010). The Eleventh Circuit "construe[s] this requirement strictly." *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 984 (11th Cir. 1986). "[T]hus even if the efforts made by defendants are 'substantial,' 'diligent' or 'in good faith,' the fact that a defendant did not make 'all reasonable efforts' to comply with the order, establishes that the defendant has failed to rebut the showing of contempt." *United States v. D'Argenio*, 01-00010-CR, 2019 WL 297091, at *8 (S.D. Fla. Jan. 3, 2019), *report and recommendation adopted*, 01-00010-CR, 2019 WL 296534 (S.D. Fla. Jan. 23, 2019). A defendant must also do more than

merely assert that he has made all reasonable efforts to comply; he must "introduce[] evidence in support of his claim." *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984). "The burden shifts back to the moving party only upon a sufficient showing by the alleged contemnor." *Combs*, 785 F.2d at 984.

I find that Petitioner has shown by clear and convincing evidence that Respondent failed to comply with the Order. *Van De Velde NV*, 15-24096-CIV, 2017 WL 8895345, at *2. As stated above, I ordered Respondent to produce any remaining documents in his possession, custody, or control and to certify that he completed a diligent search for those documents by September 22, 2022. Upon Respondent's request, I extended that deadline to September 27, 2022. Despite this requested extension, Respondent failed to comply with the Order by September 27, 2022. In fact, Respondent did not comply with the Order until October 19, 2022, which was after Petitioner filed the Motion for Contempt (on October 3, 2022) and after I entered the order requiring Respondent to show cause why the Motion for Contempt should not be granted (on October 18, 2022).[4] As such, I find that Petitioner has satisfied his initial burden to show that Respondent failed to comply with the Order, and that the burden shifts to Respondent to show why he should not be found in contempt. *Id.*

Respondent does not contest the validity of the Order or contend that the Order was ambiguous. However, Respondent contends that he failed to comply with the Order because he was "completely unreachable" while he was on vacation in Yellowstone National Park. Under the circumstances, I do not find that this is an adequate justification. I entered the Order on September 8, 2022. Respondent provides no information regarding the details of his vacation to

---

[4] I entered the order to show cause once the time lapsed under Southern District of Florida Local Rule 7.1(c)(1) for Respondent to respond to the Motion for Contempt.

Yellowstone National Park, such as when it began or the date on which he became "completely unreachable." Put simply, if Respondent went on vacation after I entered the Order and neglected to check his cell phone, email, or contact his counsel before the September 22, 2022 deadline, he clearly did not undertake "all reasonable efforts" comply with the Order. *Brother*, 03-60129-CIV-MARRA, 2010 WL 2978077, at *2. Even if Respondent went on vacation before I entered the Order, he was at least aware of the subpoena and Petitioner's motion to compel, which disputed that Respondent sufficiently responded to the subpoena, and should have maintained contact with his counsel to ensure that the issues raised in the motion to compel were resolved. More importantly, Respondent does not contend that he was unable to comply with the Order in the fourteen (14) day period (September 8-September 22) in which I initially gave him to comply. Nor does Respondent explain why (if he was completely unreachable) his counsel believed that an extension to September 27 would have enabled Respondent to comply or why (having discovered that compliance was not possible by his requested date of September 27) Respondent did not seek a further extension. Therefore, I find that Respondent has not met his burden to show that he made "all reasonable efforts" to comply with the Order (or even that the efforts he made were "substantial" or "diligent," which would still be inadequate to meet his burden). *See Hayes*, 722 F.2d at 725; *D'Argenio*, 01-00010-CR, 2019 WL 297091, at *8.

Because of Respondent's failure to comply with the Order, Petitioner had to expend legal fees to file the Motion for Contempt and his reply in support thereof. Accordingly, I respectfully recommend that Respondent be found in civil contempt and that Petitioner be awarded reasonable attorney's fees and expenses as a sanction for Respondent's failure to comply with the Order.[5]

---

[5] An evidentiary hearing is not required before holding Respondent in contempt as there are no disputed factual matters—Respondent agrees that he did not comply with the Order by the deadline imposed [DE 17 at 1]. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Olympia Holding Corp.*,

*See Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1534 (11th Cir. 1986) ("[A]n award of attorney fees to the injured party in a civil contempt case is within the district court's discretion."); *Tracfone Wireless, Inc. v. Technopark Co., Ltd.*, 313 F.R.D. 680, 690 (S.D. Fla. 2016) ("Courts routinely grant attorneys' fees and costs incurred in bringing a motion for contempt."); *Belize Telecom Ltd. v. Gov't of Belize*, No. 05-20470, 2005 WL 7858276, *8 (S.D. Fla. Apr. 13, 2005) ("Plaintiffs are entitled to reasonable attorneys' fees and expenses caused by Defendant's contempt."). This award of attorney's fees and expenses and should be "limited to those reasonably and necessarily incurred in the attempt to enforce compliance" with the Order. *Abbott Labs. v. Unlimited Beverages, Inc.*, 218 F.3d 1238, 1242 (11th Cir. 2000). To be clear, I thus recommend that the sanction be limited to those reasonable fees and expenses Petitioner incurred in filing the instant Motion for Contempt [DE 14].

However, I find that further contempt sanctions are not warranted. Respondent has now complied with the Order and has thus ceased the contemptuous behavior. Thus, to the extent that Petitioner seeks for the court to either order Respondent to pay a daily fine until his contempt is purged or order Respondent to sit for deposition to further develop the factual record, I recommend that the District Court deny those requests. Notably, Petitioner made his request to depose Respondent to further develop the record for the first time in his reply to the Motion for Contempt. As such, I find that is an independent basis on which to deny that request. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court"). Furthermore, Petitioner may be entitled to explore his proffered questions regarding Respondent's

---

140 F. App'x 860, 864 (11th Cir. 2005). Furthermore, the court may assess an award of fees against Respondent even if it does not hold Respondent in civil contempt. *New England Tech., Inc. v. Sigma Tech Sales, Inc.*, 09-61347-CIV, 2011 WL 4014346, at *2 (S.D. Fla. Sept. 9, 2011).

9

subpoena response, or lack thereof, as part of a deposition regarding the merits of the underlying litigation. Nevertheless, if Petitioner desires to conduct such a deposition, he must follow the procedures outlined in Rule 45. *See* Fed. R. Civ. P. 45(c)(1).

## CONCLUSION

For the reasons stated above, I recommend that:

1. The Motion for Contempt [DE 14] be **GRANTED-IN-PART and DENIED-IN-PART**;

2. Respondent be found in civil contempt and that Petitioner be awarded reasonable attorney's fees and costs incurred in filing his Motion for Contempt as a sanction for Respondent's failure to comply with the Order;

3. Petitioner be ordered to comply with Southern District of Florida Local Rule 7.3, which includes a requirement that the parties "confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses," before filing any motion for fees and expenses; and

4. All other requested relief in the Motion for Contempt (or the reply in support thereof) be denied.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Cecilia M. Altonaga, United States District Judge. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th

Cir. 1989); 11th Cir. R. 3-1.

    **DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 28th day of October 2022.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge